FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB -9 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HAMEED KHALID DARWEESH and HAIDER
SAMEER ABDULKHALEQ ALSHAWI, on
behalf of themselves and others similarly situated,

          Petitioners,

-against-

DONALD J. TRUMP, U.S. DEPARTMENT OF
HOMELAND SECURITY, U.S. CUSTOMS
AND BORDER PROTECTION, JOHN KELLY,
KEVIN K. MCALEENAN, and JAMES T.
MADDEN,

          Respondents.
------------------------------------------------------------x

NOT FOR PUBLICATION
**ORDER**
17-CV-480 (CBA)

**AMON, United States District Judge:**

On February 2, 2017, Janice Wolk Grenadier filed a pro se motion to intervene in the above-captioned case pursuant to Federal Rule of Civil Procedure 24. Because the Court construes pro se motions liberally, it has considered Grenadier's motion to intervene "as of right" under Rule 24(a)(2) or, in the alternative, to intervene upon permission by the Court pursuant to Rule 24(b)(1)(B). In order to intervene as a matter of right under Rule 24(a)(2), "an applicant must: (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." In re Bank of New York Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003) (quoting New York News, Inc. v. Kheel, 972 F.2d 482, 485 (2d Cir. 1992)). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Catanzano v. Catanzano Wing, 103 F.3d 223, 232 (2d Cir. 1996) (quoting Farmland Dairies v. Comm'r, 847 F.2d 1038, 1043 (2d Cir. 1988)). In her motion, Grenadier fails to allege an interest in this action that is "direct, substantial, and legally protectable." Wash. Elec. Coop., Inc. v. Mass.

1

Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990). As a result, Grenadier's motion to intervene pursuant to Rule 24(a) is denied.

Similarly, even if the Court construes Grenadier's motion as proceeding under a theory of permissive intervention, it nevertheless fails. Under Rule 24(b)(1)(B), the Court may permit Grenadier to intervene on a showing that she "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). This determination is committed to the "very broad" discretion of the Court. See H.L. Hayden Co. of New York, Inc. v. Siemens Medical Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986). The Court considers "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties" and "factors includ[ing] the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." Id. (internal quotation marks and citations omitted). Here, Grenadier has not raised a claim or defense that shares a common question of law or fact with the pending litigation. As such, "it is highly unlikely that [Grenadier's] intervention will contribute to the development of the underlying suit or to the just and equitable adjudication" of the legal questions presented. U.S. ex rel. O'Donnell v. Bank of Am. Corp., No. 12-CV-1422 (JSR), 2012 WL 5974137, at *2 (S.D.N.Y. Nov. 27, 2012).

The Court accordingly denies Grenadier's motion to intervene in full.

SO ORDERED.

Dated: February 8, 2017
Brooklyn, New York

_____
Carol Bagley Amon
United States District Judge