# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
ALISON FRICK
DAVID LEBOWITZ
HAYLEY HOROWITZ
DOUGLAS E. LIEB
ALANNA SMALL
JESSICA CLARKE
EMMA L. FREEMAN

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

February 9, 2017

*Via ECF*

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Darweesh, et al. v. Trump, et al.*, No. 17 Civ. 00480

Dear Judge Amon:

      This firm represents American veterans organizations Vets for American Ideals, No One Left Behind, and Common Defense. We write on their behalf to seek permission to file an *amicus* brief. We anticipate that other veterans organizations will also sign on to the proposed brief.

      Based on their experience on the front lines in the fight against ISIS, Al Qaeda, and other U.S. enemies, these veterans organizations are convinced that the Executive Order is contrary to the American ideals that they fought for and will endanger U.S. troops by making it more difficult to retain and recruit critical local allies and by providing a powerful propaganda and recruiting tool that will swell the ranks of the enemy.

      "District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992), *aff'd* 980 F.2d 161 (2d Cir. 1992). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (internal quotation omitted). "The court is more likely to grant leave to appear as an amicus curiae in cases involving matters of public interest." *Andersen v. Leavitt*, No. 03 Civ. 6115 (DRH) (ARL), 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (internal quotation omitted).

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

Here, there is unquestionably deep public interest in this case and proposed *amici* veterans organizations have a unique perspective due to their service on the front lines of the fight against ISIS and other extremist organizations. In particular, *amici*'s perspective is relevant to the Court's determination that there will be irreparable harm to American soldiers and their allies in the absence of an injunction, that the balance of the equities tips in Petitioners' favor, and that an injunction is in the public interest—all issues this Court must address in ruling on the Petitioners' request for a preliminary injunction. *See Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 825 (2d Cir. 2015).

For all these reasons, we respectfully request leave to file a veterans' *amicus* brief.

Respectfully submitted,

/s
Matthew D. Brinckerhoff
Elizabeth S. Saylor
Zoe Salzman