## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
—
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3834
EMAIL ADDRESS
BORIS.BERSHTEYN@SKADDEN.COM

February 9, 2017

**VIA ECF**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Darweesh et al. v. Trump et al.*, Case No. 17-cv-00480-CBA

Dear Judge Amon:

Our law firm represents the Harvard Immigration and Refugee Clinical Program ("HIRC"). We write to respectively request the Court's permission to file a single *amicus* brief in the above-referenced action. In the alternative, pursuant to Rule 3(A) of this Court's Individual Rules, we request a pre-motion conference to address leave to file such a brief.

For over thirty years, HIRC, in partnership with Greater Boston Legal Services, has focused on the direct representation of individuals applying for U.S. asylum and related protections, as well as on the representation of individuals who seek avoidance of forced removal in immigration proceedings. With the help of law school students, HIRC represents victims of human rights abuses from all over the world, including from countries affected by the January 27, 2017 Executive Order ("Executive Order") that is at issue in this case. Therefore, HIRC and its clients have a direct interest in the outcome of the above-referenced case.

In light of HIRC's familiarity and experience with the interconnected provisions of the Immigration and Nationality Act ("INA"), the proposed *amicus* brief would focus on issues of statutory interpretation and the interplay between Section 212(f)—the authority on which much of the Executive Order relies—and other provisions of the INA. 8 U.S.C. § 212(f).

"District courts have broad discretion in deciding whether to accept amicus briefs." *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 14 F.

Hon. Carol Bagley Amon
February 9, 2017
Page 2

Supp. 3d 99, 103 (E.D.N.Y. 2014) (citation omitted). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 395, 311 (W.D.N.Y. 2007) (citation omitted).

    For the foregoing reasons, we respectfully request the Court's permission to file an *amicus* brief on the date Plaintiffs' briefs are due or on an alternative date selected by the Court. In the alternative, we request a pre-motion conference with the Court to address leave to file such a brief.

                Respectfully submitted,

                *Boris Bershteyn*

                Boris Bershteyn

cc:  All Counsel of record (via ECF)