

**FISH.**
FISH & RICHARDSON

Fish & Richardson P.C.
601 Lexington Avenue
52nd Floor
New York, NY 10022

212 765 5070 main
212 258 2291 fax

**Michael T. Zoppo**
Principal
zoppo@fr.com
212 641 2268 direct

**VIA ECF**

February 10, 2017

The Honorable Carol Bagley Amon
Senior Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Darweesh et al. v. Trump et al.*, Case No. 17-cv-00480-CBA

Dear Judge Amon:

We represent Letitia James, the Public Advocate for the City of New York, and write to seek the Court's permission to file an *amicus* brief in the above-referenced case. In the alternative, pursuant to Rule 3(A) of this Court's Rules, we request a pre-motion conference to authorize leave to file such a brief.

As one of only three duly-elected city-wide officials of New York City, the Public Advocate is the immediate successor to the Mayor, and an *ex-officio* member of the New York City Council. New York City Charter ("Charter") §§ 10(a), 22, 24(a). The Public Advocate is responsible for the auditing the City's provision of services, identifying systemic problems, and publishing reports concerning her areas of inquiry. *Id.* §§ 24(h) and (f). She has the power to introduce legislation and hold oversight hearings on legislative matters. *Id.* at § 24. Her office was created with the vision of "an independent public official to monitor the operations of City agencies with the view to publicizing any inadequacies, inefficiencies, mismanagement and misfeasance found, with the end goal of pointing the way to right the wrongs of government." *Green v. Safir*, 664 N.Y.S.2d 232, 234 (N.Y. Sup. Ct. 1997). In sum, the Public Advocate is "the citizens' representative or protector." *Boykin v. 1 Prospect Park Alf, LLC*, 293 F.R.D. 308, 325 (E.D.N.Y. 2013).

The Public Advocate has a track record in protecting immigrant communities. Public Advocate James was instrumental in coordinating legal support for unaccompanied immigrant children who faced mass deportation in the summer of 2014, and has worked to increase government access for non-English speaking immigrants. During her decade-long tenure in the New York City Council, James sponsored several key pieces of immigrant rights legislation that are at the heart of New York's "sanctuary" laws. Public Advocate James is also a member of the Protecting Immigrant New Yorkers Task Force, which focuses on enforcement against the unauthorized practice of immigration law.



*Darweesh et al. v. Trump et al.*
February 10, 2017

As the city-wide elected public official charged with auditing the city's provisions of services and "pointing the way to right the wrongs of government," and based on her deep experience in serving and protecting New York City's immigrant communities, the Public Advocate has a unique perspective and interest in preventing the economic and emotional harm that the January 27, 2017 Executive Order ("Executive Order") will inflict on New York City. Her amicus brief would focus on New York's uniquely international character, where two thirds of the residents are either immigrants or the children of immigrants, and where the foreign-born community comprises 43% of the workforce and provides $215 billion in economic activity.

"District courts have broad discretion in deciding whether to accept amicus briefs." *In re HSBC Bank, USA, NA., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) (citation omitted). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (citation omitted); see also *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991) ("Other functions served by *amicus curiae* are to provide supplementary assistance to existing counsel and insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.").

The Public Advocate believes that the Office's experience and perspective will help inform this Court in deciding whether or not to enjoin the Executive Order. For the foregoing reasons, we respectfully request the court's permission to file an amicus brief on or before a date to be set by the court. Specifically, the Public Advocate seeks to reinforce one of the four factors this Court must consider in determining whether to enjoin the Executive Order, irreparable injury. The Public Advocate believes that the substantial and irreparable harm to refugees, visa-holders, and other individuals from nations subject to the Executive Order will spread across the immigrant community and chill investment, impair businesses, and stifle the provision of essential services throughout all of New York.

In the alternative, we request a pre-motion conference with the court for leave to file such a brief.

Respectfully submitted,

Michael T. Zoppo (MZ-8469)