919 THIRD AVENUE, NEW YORK, NY 10022-3908

**JENNER&BLOCK** LLP

February 13, 2017

Katya Jestin
Tel  +1 212 891 1685
KJestin@jenner.com

**VIA ECF**

The Honorable Carol Bagley Amon
Senior Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Darweesh et al. v. Trump et al.*, Case No. 17-cv-00480-CBA

Dear Judge Amon:

This law firm represents Brown University, Carnegie Mellon University, University of Chicago, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, Harvard University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Pennsylvania, Princeton University, Stanford University, Vanderbilt University, and Yale University ("*amici*.")  We write to seek the Court's permission to file an *amici curiae* brief in the above-referenced case.  In the alternative, pursuant to Rule 3(A) of this Court's Individual Rules, we request a pre-motion conference to authorize leave to file such a brief.

*Amici* are U.S. universities of international reach and renown that share a mission of educating excellent students from the world over and employing the world's most talented faculty and scholars.  To fulfil this mission, *amici* rely on the ability of international students, faculty, and scholars to join their academic communities.  *Amici* have a strong interest in ensuring that individuals from around the globe can continue to enter the United States and continue to share their unique skills and perspectives with *amici*'s students, faculty, and scholars.  *Amici* similarly have a strong interest in its students, faculty, and scholars being able to travel abroad to enhance their research and studies.

The January 27, 2017 Executive Order at issue in this case threatens *amici*'s ability to fulfill these interests and creates significant uncertainty for *amici*'s valued international students, faculty, and scholars.  Accordingly, the issues pending before the Court are of acute concern to *amici* and their students, faculty, and scholars, who stand to be directly affected by this Court's ruling.

"District courts have broad discretion in deciding whether to accept amicus briefs." *In re HSBC Bank, USA, NA., Debit Card Overdraft Fee Litig.,* 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) (citation omitted). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie County v. Kempthorne,* 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (citation omitted).

*Amici*'s brief will offer the Court a greater understanding of the Executive Order's impact on this country's higher education institutions and will neither delay nor complicate these proceedings. *Amici* will provide this Court with their perspective on how vital international students, faculty, and scholars are to *amici*'s educational missions and communities, and to the U.S. and the world more generally. In addition, *amici* will explain how dramatically the Executive Order harms *amici*, *amici*'s students, faculty, and scholars, and the free, cross-border exchange of ideas.

For the foregoing reasons, we respectfully request the Court's permission to file an *amicus* brief, a copy of which accompanies this letter. In the alternative, we request a pre-motion conference with the Court for leave to file such a brief.


Respectfully submitted,



Katya Jestin


cc: All Counsel of Record (via ECF)