

Anton A. Ware
+1 (415) 471-3312
Anton.Ware@apks.com

February 14, 2017

**VIA ECF**

The Honorable Carol Bagley Amon
Senior Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>*Darweesh, et al. v. Trump, et al.*, Case No. 17-cv-00480-CBA</u>

Dear Judge Amon:

This law firm and the undersigned counsel represent Muslim Advocates, American Muslim Health Professionals, the Council for the Advancement of American Muslim Professionals, the Islamic Medical Association of North America, Muppies, Inc., the National Arab American Medical Association, and the Network of Arab-American Professionals ("Proposed *Amici*"). We write to seek the Court's permission to file a single brief of *amici curiae* in support of the plaintiffs and intervenor in the above-referenced case on behalf of the Proposed *Amici*.[1] In the alternative, we request a pre-motion conference to authorize leave to file such a brief, as provided by Rule 3(A) of this Court's Individual Rules.

The Proposed *Amici* are organizations that represent, assist, and advocate for American Muslims and American Muslim professionals. The January 27, 2017 Executive Order ("Executive Order") at issue in the above-referenced case directly affects individuals who are members of the Proposed *Amici* organizations or persons with whom the Proposed *Amici* directly work. Specifically, many of these individuals are

---

[1] By different counsel, this law firm represents other proposed *amici* in this matter. *See* Docket Entry #51. The Proposed *Amici* referenced in this Letter Motion are not affiliated with these *amici* and, while similarly in support of the plaintiffs and intervenor in this matter, the Proposed *Amici* respectfully request the Court's permission to submit their own, separate brief of *amici curiae*, or, in the alternative, a separate pre-motion conference to authorize leave to file such a brief.

foreign nationals from the seven countries at issue in the Executive Order, but who travel to, live, or work in the United States with either immigrant or non-immigrant visas or lawful permanent resident status ("green cards"). Professional members of the Proposed *Amici* organizations also collaborate with other professionals who are foreign nationals of the seven countries at issue in the Executive Order, and these collaborations often require these foreign professionals to travel to the United States.

The Proposed *Amici* therefore have an interest in the outcome of the above-referenced case. The purpose of the Proposed *Amici*'s brief in support of the plaintiffs and intervenor will be to demonstrate (1) why the Court has authority to review the Executive Order, (2) why the Executive Order is motivated by unconstitutional animus against the Muslim community, and (3) the effects of the Executive Order and its associated animus on American Muslims.

"District courts have broad discretion in deciding whether to accept *amicus* briefs." *In re HSBC Bank, USA, NA., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) (citation omitted). "An *amicus* brief should normally be allowed when . . . the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie Country v. Kempthorne*, 471 F. Supp. 2D 295, 311 (W.D.N.Y. 2007) (citation omitted).

For the foregoing reasons, we respectfully request the Court's permission to file a brief of *amici curiae* on or before a date set by the Court or the date on which the plaintiffs' briefs are due. In the alternative, we request a pre-motion conference with the Court for leave to file such a brief.

Respectfully submitted,

*/s/ Anton A. Ware*

Anton A. Ware

cc: All Counsel of Record (via ECF)