

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL

February 16, 2017

Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Darweesh et al. v. Trump et al.*, No. 17-cv-00480

Dear Judge Amon:

  I write on behalf of intervenor-plaintiff New York State Attorney General Eric T. Schneiderman. The Attorney General intends to follow the schedule that the Court has set forth for briefing on his complaint in intervention (*see* Order of Feb. 12, 2017), but respectfully submits this letter to support plaintiffs' request (*see* Docket No. 61) for a brief continuation of the interim stay entered by the Court on January 28, 2017.

  Continuation of the interim stay is warranted in view of the serious harms that New York's residents, communities, and businesses—and the State itself—will suffer if defendants are permitted to resume "removing individuals with refugee applications approved by U.S. Citizenship and Immigration Services as part of the U.S. Refugee Admissions Program, holders of valid immigrant and non-immigrant visas, and other individuals from Iraq, Syria, Iran, Sudan, Libya, Somalia, and Yemen" who are "legally authorized to enter the United States," *see* Order of Jan. 28, 2017 (Docket 8), but barred from entry by the Executive Order being challenged in this case. The Attorney General agrees fully with the illustrative discussion of those harms set forth in the brief of the State *amici* (*see* Br. of Mass. et al.) and will more fully explain the harms to New York's interests in the briefing on his complaint in intervention. A short overview is set forth below to aid the Court.

  Before the entry of this Court's temporary restraining order, the Executive Order had significantly disrupted the lives of countless New Yorkers and violated their civil rights in just a few short days. For example, residents of New York who were nationals of the designated countries and happened to be overseas when the Executive Order was signed were prevented from re-entering the country despite being otherwise authorized to reside here as lawful permanent residents and nonimmigrant visa holders. In some instances, the denial of re-entry separated these New Yorkers from their New York-based parents, spouses, siblings, and children

Page 2

(NY Intervenor Compl., at ¶¶ 63-68). Other New York residents were impeded in their work, academic studies, professional endeavors, and religious exercise by their inability to travel freely in pursuit of those interests (*id*. at ¶¶ 42, 50-52, 55, 57-58, 69).

In addition, the Executive Order has threatened—and continues to threaten—numerous vital sectors of New York's economy by inhibiting the free exchange of information, ideas, and talent between New York and the designated countries. The finance and technology industries, the heart of New York's economy, rely heavily upon the talents and contributions of immigrants, including many who are nationals of the countries designated in the Executive Order (*id*. at ¶¶ 41-42, 59-62). The loss of such workers, some of whom have been extensively trained by their New York employers, places those businesses at a competitive disadvantage in the global marketplace.

The State's public and private universities have also experienced considerable disruption, as have the State's public and private hospitals. New York's universities host, employ, and educate numerous students, faculty, and scholars from the designated countries (*id*. at ¶¶ 43-52). The Executive Order has interfered with the attendance of such students and threatened existing faculty commitments—resulting in staffing challenges, additional costs and administrative burdens, and uncertainty in academic programs. Similarly, the State's public and private hospitals employ appreciable numbers of physicians from the designated countries, such that a failure to continue this Court's interim stay could diminish the availability and quality of medical care for New York residents, and harm important medical research (*id*. at ¶¶ 53-58). Moreover, New York, like the *amici* States, is directly economically harmed by the Executive Order, which creates increased costs and administrative burdens for the State, and eliminates significant sources of taxes and other revenues. For example, in 2015 alone, foreign students from the designated countries contributed $30.4 million to New York's economy (*id*. at ¶ 49).

Continuation of this Court's interim stay is critical to ensuring that such concrete and truly irreparable injuries are minimized while the legality of the Executive Order is litigated. Indeed, without continuing preliminary relief to preserve the status quo, New York residents, communities, and businesses will be plunged back into the state of chaos that existed immediately after the Executive Order was signed. Other courts considering similar challenges have already recognized that the irreparable nature of such harms supports a grant of preliminary injunctive relief when taken in combination with the legal infirmities of the Executive Order, the balance of the equities, and the public interest. *See Aziz v. Trump*, 1:17-cv-116 (LMB/TCB), 2017 WL 580855 (E.D. Va. Feb. 13, 2017); *Washington v. Trump*, No. 17-35105, 2017 WL 526497 (9th Cir. Feb. 9, 2017) (treating TRO as having qualities of a reviewable preliminary injunction and upholding it).

In sum, while the Attorney General intends to follow the briefing schedule previously set by the Court for motion practice concerning the intervenor complaint, New York nevertheless urges the Court to grant plaintiffs' motion for a further interim stay in order to avert further irreparable harm to the State and its residents, communities, and businesses.

Page 3

                                                          Respectfully submitted,

                                                          **ERIC T. SCHNEIDERMAN**
                                                          Attorney General of the State of New York

By:

                                                          _____

| *Of Counsel*: | Lourdes M. Rosado[*] |
| --- | --- |
| |   Bureau Chief |
| Anisha Dasgupta | Jessica Attie |
|   Deputy Solicitor General |   Special Counsel |
| Zainab Chaudhry | Justin Deabler |
|   Assistant Solicitor General | Sania Khan |
| | Anjana Samant |
| |   Assistant Attorneys General |
| | Civil Rights Bureau |
| | Office of the New York State |
| |   Attorney General |
| | 120 Broadway, 23rd floor |
| | New York, New York 10271 |
| | Tel. (212) 416-8252 |
| | Fax. (212) 416-8030 |
| | lourdes.rosado@ag.ny.gov |

cc:      Counsel of record (via ECF)

---

[*] Admission to EDNY pending.