

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
District Court Section

---

*P.O. Box 868, Ben Franklin Station*
*Washington, D.C. 20044*
*(202) 532-4074*
*steven.a.platt@usdoj.gov*

<u>Via ECF</u>

February 17, 2017

The Hon. Carol Bagley Amon
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Darweesh, et al. v. Trump, et al.*, 17 Civ. 480 (CBA)

Dear Judge Amon,

    We are writing you regarding new developments in the above-captioned case.  This lawsuit challenges an Executive Order that is currently subject to a nationwide injunction.  The President has announced his intent to rescind and replace Executive Order No. 13,769, 82 Fed. Reg. 8977 (2017) with a new, substantially revised Executive Order.  *See Washington v. Trump*, 17-35105, ECF 154 (9th Cir. filed Feb. 16, 2017)  After conferring, the undersigned counsel for the parties agree that because a new Executive Order is forthcoming, it would be an inefficient use of the Court's resources and time to hold a hearing on the pending motions that relate to the soon-to-be superseded Executive Order.

    As a result, the parties ask to stay proceedings relating to Petitioners' motion for a preliminary injunction and Respondents' motion to dismiss.  Specifically, counsel for Respondents and counsel for Petitioners respectfully request that the Court stay Respondents' Sunday, February 19 deadline to file a brief in conjunction with those motions and cancel the hearing on those applications currently set for Tuesday, February 21.  The parties would then, within seven days after the President issues the new Executive Order, file a jointly-proposed briefing schedule.

    The parties disagree on whether Judge Donnelly's injunctive order (ECF No. 8) should continue after its current expiration date of February 21, 2017.  Respondents oppose extending the order beyond that date, as Respondents contend the named petitioners are no longer affected by the Executive Order, and the Ninth Circuit is maintaining the nationwide injunction pending issuance of a new Executive Order.  Petitioners support extending the injunction until the parties

file their proposed briefing schedule and the Court can schedule a new hearing to determine whether the injunction should be further continued.  Alternatively, if the injunction is not extended beyond February 21 because the Court believes that the injunction in the *Washington v. Trump* matter provides sufficient protection at the moment, then Petitioners respectfully request that the Court make clear that the injunction in this case will be reinstated automatically should the *Washington* injunction be vacated.

The parties agree that Petitioners' Monday, February 20 deadline to file a brief in conjunction with their motion to enforce should remain in place.  The parties see no cause to remove the related Friday, February 24 hearing from the calendar.


Respectfully submitted,


/s/ Lee Gelernt   /s/ Steven A. Platt
American Civil Liberties Union   Steven A. Platt
*Counsel for Petitioners*   U.S. Department of Justice, Civil Division
  Office of Immigration Litigation
  *Counsel for Respondents*