UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HAMEED KHALID DARWEESH and HAIDER SAMEER ABDULKHALEQ ALSHAWI, on behalf of themselves and others similarly situated,

               Petitioners,

and

PEOPLE OF THE STATE OF NEW YORK, by ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL OF THE STATE OF NEW YORK,

               Intervenor-Plaintiff,

-against-

DONALD J. TRUMP, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, JOHN KELLY, KEVIN K. MCALEENAN, and JAMES T. MADDEN,

               Respondents.
-----------------------------------------------------------x

**ORDER**
17-CV-480 (CBA)

**AMON, United States District Judge:**

      Petitioners move to enforce their understanding of an oral order of the Honorable Ann Donnelly, entered on January 28, 2017, directing Respondents to provide to Petitioners' counsel a list of individuals who were being detained pursuant to the January 27, 2017 Executive Order of the President of the United States ("EO"). Respondents oppose the motion. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

      On January 27, 2017, President Donald J. Trump signed an Executive Order entitled "Protecting the Nation from Foreign Terrorist Entry into the United States." On January 28, 2017, Petitioners in this case sought and received a stay barring the removal, pursuant to the EO, of "individuals with refugee applications approved by U.S. Citizenship and Immigration Services as

1

part of the U.S. Refugee Admissions Program, holders of valid immigrant and non-immigrant visas, and other individuals from Iraq, Syria, Iran, Sudan, Libya, Somalia, and Yemen legally authorized to enter the United States." (Minute Entry dated 1/28/2017.) Incident to granting this stay, Judge Donnelly also ordered Respondents "to provide a list of individuals detained, pursuant to the January 27, 2017 Executive Order, to the petitioner's counsel." (Order dated 1/28/2017.) Judge Donnelly did not make any specific statement concerning the temporal scope of that order.

Petitioners and Respondents have very different positions as to the information required to be produced pursuant to that order. Respondents contend that they have complied with that order by responding under oath that as of February 7, 2017 at 5:00 PM, U.S. Customs and Border Protection is neither detaining nor has it removed any individual from the United States based on the EO. (D.E. # 66, Att. 2.) Petitioners maintain that this response fails to comply with the order and ask that Respondents be compelled to produce a list, updated daily, of "all putative class members who have been held by Respondents at any U.S. airport pursuant to the EO," as well as a daily updated list of all "individuals removed pursuant to the Executive Order since the filing of the motion for class certification," along with additional information identifying the country to which they were removed, the flight they took, and the time of removal. (D.E. # 53, Ex. 1.)

## DISCUSSION

### A. Temporal Scope of the Order

In the Court's view, neither of the parties accurately interprets Judge Donnelly's order. Respondents' argue that the order requires only a "snapshot" of which putative class members were being held at a certain point in time. That may be true, but the issue is when that snapshot is taken. At the very least, the order requires that the snapshot be taken as of the time of the order, i.e. the evening of January 28, 2017 after Judge Donnelly issued her order and at least through the

2

following day. The snapshot cannot be taken at the time Respondents choose to take it, ten days later.

Similarly, the order clearly does not compel, as Petitioners argue, Respondents to provide a daily update of individuals detained and/or removed from the date of the filing of the Petitioners' motion for class certification to the present or the travel itineraries of those removed. Although, if the litigation proceeds, Petitioners may be entitled to such information as a matter of discovery, the order did not require information of that breadth to be produced.

A fair reading of the order is that it requires that Respondents provide a single list of putative class members being held pursuant to the EO at any time from the signing of the order and for a reasonable period thereafter, which would include through the following day.

### B. Detention

The parties also spar over the meaning of "detention" in the order. Respondents argue that the term should be given its meaning as defined in immigration parlance; namely detained "pending removal" or "at an off-site detention facility," and that it should not include everyone who was merely being processed pursuant to the EO. (D.E. # 68.) First, it should be noted that Respondents do not and have not challenged the oral order of Judge Donnelly. The Court is not being asked to reconsider it or to narrow its scope. The Court construes Judge Donnelly's use of the term "detained" to be in the everyday sense, meaning those being held for questioning pursuant to the terms of the EO, as distinguished from individuals formally placed in removal proceedings. Indeed, under Respondents' definition, it is not clear that even the two named Petitioners were being detained, as there is no indication that either of them were moved off-site or subject to removal proceedings, yet it was their detention that was the subject of the petition.

3

## CONCLUSION

Accordingly, Respondents are ordered to provide Petitioners, by February 23, 2017 at 5:00 PM, with a list of all individuals with refugee applications approved by U.S. Citizenship and Immigration Services as part of the U.S. Refugee Admissions Program, holders of valid immigrant and non-immigrant visas, and other individuals from Iraq, Syria, Iran, Sudan, Libya, Somalia, and Yemen legally authorized to enter the United States (i.e. putative class members) who, at any time during the period from 9:37 PM on January 28, 2017 until 11:59 PM on January 29, 2017, were being held, including being processed, by U.S. Customs and Border Protection pursuant to the EO.

SO ORDERED.

Dated: February 21, 2017
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge