UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HAMEED KHALID DARWEESH and
HAIDER SAMEER ABDULKHALEQ
ALSHAWI, on behalf of themselves and
others similar situated,

                Petitioners,

and

PEOPLE OF THE STATE OF NEW YORK,
by ERIC T. SCHNEIDERMAN, ATTORNEY
GENERAL OF THE STATE OF NEW
YORK,

                Intervenor-Plaintiff,

   -against-

DONALD J. TRUMP, U.S. DEPARTMENT
OF HOMELAND SECURITY, U.S.
CUSTOMS AND BORDER PROTECTION,
JOHN KELLY, KEVIN K. MCALEENAN,
and JAMES T. MADDEN,

                Respondents.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 1 6 2017 ★

BROOKLYN OFFICE

NOT FOR PUBLICATION
**ORDER**
17-CV-480 (CBA)

**AMON, United States District Judge:**

On February 17, 2017, the Court denied pro se movant Vincent A. Molino's ("Molino's") motion to intervene in the instant action pursuant to Rule 24 of the Federal Rules of Civil Procedure. (D.E. # 163.) Before the Court is Molino's refiled motion to intervene. (See D.E. # 177.) In light of his pro se status, the Court construes the motion as one to intervene "as of right" under Rule 24(a)(2) or as permitted by the Court under Rule 24(b)(1)(B). For similar reasons as stated in its February 17, 2017, Order, the Court denies the motion.

To intervene as of right, the applicant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." In

1

re Bank of N.Y. Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Catanzano v. Catanzano Wing, 103 F.3d 223, 232 (2d Cir. 1996) (emphasis in original). Like in his prior motion, (see D.E. # 163 at 3), Molino asserts a generalized interest in the litigation as a U.S. citizen, (see D.E. # 177 at 9–10; see also id. at 5 ("I am a 'next of friend' of over 50% of the voters of the United States of America . . . .")). Such an interest is not "direct, substantial, and legally protectable." Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.3d 92, 97 (2d Cir. 1990). Accordingly, Molino fails to show that he may intervene as of right.

Molino also has not convinced the Court to permit his intervention under Rule 24(b)(1)(B). In relevant part, Rule 24 permits intervention by an applicant who shows that she "has a claim or defense that shares with the main action a common question of law and fact." Fed. R. Civ. P. 24(b)(1)(B). The Court has "very broad" discretion to permit or deny intervention. See H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986). Still, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Moreover, the Court should also consider, among other factors, the "nature and extent of the . . . interests" of the putative intervenor, "the degree to which those interests are adequately represented by other parties," and "whether [she] will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." H.L. Hayden, 797 F.2d at 89. As stated above, Molino asserts only a generalized interest in the litigation as a U.S. citizen, and the currently captioned parties are more than adequate to represent the interests of the citizenry. Adding Molino also would unduly delay adjudication because he would become a "source of additional discovery, objections, briefs, arguments, and motions." Battle v. City of N.Y., No. 11-

CV-3599 (RMB), 2012 WL 112242, at *7 (S.D.N.Y. Jan. 12, 2012). And construed liberally, the motion appears to assert claims that share no common question of law or fact with the pending litigation. For instance, Molino appears to raise issues with respect to alleged civil rights violations made by state and local officials in Louisiana. (See D.E. # 177 at 18, Ex. G.) It is "highly unlikely" that Molino's intervention "will contribute to the development of the underlying suit or to the just and equitable adjudication" of the legal questions in the instant action. United States ex rel. O'Donnell v. Bank of Am. Corp., No. 12-CV-1422 (JSR), 2012 WL 5974137, at *2 (S.D.N.Y. Nov. 27, 2012). Therefore, Molino fails to persuade the Court to permit his intervention.

The Court accordingly DENIES Molino's motion to intervene pursuant to Rule 24.

SO ORDERED.

Dated: August 15, 2017
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge